UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RANDALL GONZALEZ, | ) |
| | ) No. CV-10-260-JPH |
| Plaintiff, | ) |
| | ) ORDER GRANTING DEFENDANT'S |
| v. | ) MOTION FOR SUMMARY JUDGMENT |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on August 5, 2011 (ECF No. 13, 17). Attorney Jeffrey Schwab represents plaintiff; Special Assistant United States Attorney Richard A. Morris represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge (ECF No. 6). After reviewing the administrative record and the briefs filed by the parties, the court **grants** defendant's motion for summary judgment (**ECF No. 17**) and **denies** plaintiff's motion for summary judgment (ECF No. 13).

**JURISDICTION**

Plaintiff protectively applied for disability insurance (DIB) and social security income (SSI) benefits on April 9, 2008 alleging disability beginning January 1, 2002, due to a shattered left heel and ankle (SSI at Tr. 126-128, DIB at Tr. 129-130, 141).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 1 -

The applications were denied initially and on reconsideration (Tr. 83-86, 87-90).

At a hearing before Administrative Law Judge (ALJ) Jean R. Kerins on October 21, 2009, plaintiff, represented by counsel, and a vocational expert testified (Tr. 37-71). On January 29, 2010, the ALJ issued an unfavorable decision (Tr. 19-28). The Appeals Council accepted additional evidence and denied plaintiff's request for review on June 24, 2010 (Tr. 1-4), making the ALJ's decision the final decision of the Commissioner. Pursuant to 42 U.S.C. § 405(g), this final decision is appealable to the district court. Plaintiff sought judicial review on August 18, 2010 (ECF No. 1,4).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of the parties, and are briefly summarized here where relevant.

Plaintiff was 30 years old at onset. He has an eleventh or twelfth grade education and did not earn a diploma or GED. He has worked in construction and as a roofer. In 1999 he injured his left foot after he fell from a roof (Tr. 41, 358, 369). He has had several foot surgeries, most recently in 2003 and again in June 2009 (Tr. 42-43, 420). Plaintiff testified he completed some of the requirements to work as a barber, but found prolonged standing too painful (Tr. 47). Written reports indicate he stopped working in January 2002 (Tr. 142), completed barber school in 2004 (Tr. 147), and is in constant pain (Tr. 157, 165).

Mr. Gonzalez testified he last worked in 2001, 2003, or 2004 as a roofer (Tr. 41-42). He was in jail off and on beginning in

2007, and was released in May or June 2008 after serving a 90 day sentence (Tr. 39-40). Plaintiff could not recall any restrictions on his activities while incarcerated (Tr. 42). Prolonged standing and walking cause hip pain. Pain interferes with sleep. Sometimes he uses crutches. His foot swells (Tr. 42, 44, 46, 59-60). He has left shoulder pain but has not sought treatment (Tr. 42-43). Plaintiff can walk 10-15 minutes, stand 5-10 minutes, and lift 40-50 pounds (Tr. 45, 47-48, 53-54). Randel Bunch, M.D., sees plaintiff every three months and prescribes pain medication (Tr. 48). Mr. Gonzalez makes lamps and necklaces, stays home with children, drives a car with a standard transmission, visits family, and watches television (Tr. 49, 52, 55, 58). He also does laundry, cooks, shops, and attends church two hours a week. With some help, he cares for pets, feeds the children, and gets them ready for bed (Tr. 169-171, 173).

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 52, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work,

the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. *Hoffman v. Heckler*, 785 F.3d 1423, 1425 (9th Cir. 1986). The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (1999).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett,* 180 F.3d at 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is

more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 6 -

**ALJ'S FINDINGS**

The ALJ found Mr. Gonzalez was insured through December 31, 2006, for DIB purposes (Tr. 19). At step one she found plaintiff did not work after onset at SGA levels (Tr. 19). At steps two and three, she found plaintiff suffers from status post open reduction internal fixation and Dwyer osteotomy and screw removal comminuted fracture to the left heel (three surgeries) and a history of alcohol abuse, impairments that are severe but do not meet or medically equal the severity of a Listed impairment (Tr. 21-22). The ALJ found plaintiff is able to perform a range of light work (Tr. 22). At step four, she found he is unable to perform his past work (Tr. 26). At step five, relying on the vocational expert, the ALJ found plaintiff can do other jobs, such as assembly occupations and product inspector and checker (Tr. 27). The ALJ concluded plaintiff was not disabled as defined by the Social Security Act during the relevant period (Tr. 28).

**ISSUES**

Plaintiff alleges the ALJ erred when she found alcohol abuse a severe impairment, failed to obtain a medical expert's testimony, improperly weighed the medical evidence, and asked the vocational expert an incomplete hypothetical (ECF No. 14 at 7, 9-11). Asserting the ALJ's decision is supported by substantial evidence and free of legal error, the Commissioner asks the Court to affirm (ECF No. 18 at 24).

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical

evidence consisting of signs, symptoms, and laboratory findings;
the claimant's own statement of symptoms alone will not suffice.
20 C.F.R. § 416.908. The effects of all symptoms must be evaluated
on the basis of a medically determinable impairment which can be
shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once
medical evidence of an underlying impairment has been shown,
medical findings are not required to support the alleged severity
of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cr.
1991).

    A treating physician's opinion is given special weight
because of familiarity with the claimant and the claimant's
physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir.
1989). However, the treating physician's opinion is not
"necessarily conclusive as to either a physical condition or the
ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747,
751 (9th Cir. 1989)(citations omitted). More weight is given to a
treating physician than an examining physician. *Lester v. Chater*,
81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is
given to the opinions of treating and examining physicians than to
nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592
(9th Cir. 2004). If the treating or examining physician's opinions
are not contradicted, they can be rejected only with clear and
convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the
ALJ may reject an opinion if he states specific, legitimate
reasons that are supported by substantial evidence. *See Flaten v.
Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir.
1995).

    In addition to the testimony of a nonexamining medical

advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

**B. Credibility**

To aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found him less than fully credible (Tr. 23-25). Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                    - 9 -

claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Plaintiff does not challenge the ALJ's credibility determination in this appeal. The court discusses it because it is relevant to the ALJ's assessment of the medical evidence. The ALJ's credibility assessment is supported by clear and convincing reasons: plaintiff failed to take medication to relieve allegedly severe pain, engaged in a wide array of daily activities, and his complaints are not supported by objective evidence (Tr. 23-25).

(1) *Lack of medication.* Plaintiff did not consistently take either prescribed or over-the-counter pain medication (Tr. 23, citing Ex. 3F, 6F, 10F/2, 12F/16, 23). The ALJ notes plaintiff only began taking pain medication in June 2009, when he asked to have his claim reopened. This was more than eight years after onset (Tr. 23; Tr. 181, 183), suggesting plaintiff's symptoms have not been as disabling as alleged. Treating doctor Bunch's records show significant gaps in visits[1]; the ALJ points out they also show plaintiff did not fill the pain medication Dr. Bunch prescribed (Tr. 25). In April 2009 treating doctor Kristi Thompson, D.O., notes plaintiff failed to go to physical therapy or obtain orthotics (Tr. 385). Failing to follow a prescribed course of treatment without adequate explanation can cast doubt on the sincerity of a claimant's testimony. *Fair v. Bowen*, 885 F.2d 597. 603 (9th Cir. 1989).

(2) *Daily activities*. The ALJ points out plaintiff's ability

---

[1] Dr. Bunch saw plaintiff in June 2003; September 2006; June 2008; and June-August and November 2009 (Tr. 192-199; 377-381; 402-405; 407; 410-417; 424-426).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 10 -

to drive a car with a standard transmission shows he can push with his left leg, undercutting claims use of the left foot is severely limited. Other activities include visiting family, cooking, creating crafts, attending church, caring for children, and using a hammer. Plaintiff testified he can lift 50 pounds. He has stated he can sit for an hour. The ALJ observes there is no evidence plaintiff's impairments caused limitations while he was incarcerated during the relevant eight year period (Tr. 24-25; Tr. 202-203). The ALJ may consider a claimant's daily activities when weighing credibility. *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 1995).

   *(3) Objective evidence does not support current complaints.* A lack of medical evidence cannot form the sole basis for discounting pain testimony, but it is a factor the ALJ may can consider when analyzing credibility. See *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Plaintiff used no orthopedic or assistive devices, and did not appear to be suffering acute distress, in January 2004. Strength testing was normal. In September 2006, Dr. Bunch opined without treatment plaintiff would be limited to light work for six months (Tr. 194-195). Testing in July 2007 and June 2008 revealed no acute pathology. In April 2009 James Dahl, M.D., notes plaintiff only complained of some vague numbness over the lateral aspect of the left foot (Tr. 225). The record reflects plaintiff's surgeries (two prior to onset) were generally successful in relieving his symptoms (Tr. 23-24, 193, 228, 240, 289, 295, 306, Ex. 6F, 10F, 13F). In September 2004 tests results showed the fractures were well healed. Only mild degenerative changes were noted (Tr. 372).

To the extent the ALJ relied on plaintiff's appearance when she assessed credibility (she observed him walking at the hearing with no problem)(Tr. 24), the ALJ may have erred. *See Gallant v. Heckler*, 753 F.2d 1450, 1455 (9th Cir. 1984)(the fact that a claimant does not exhibit physical manifestations of prolonged pain at the hearing provides little, if any, support for the ALJ's ultimate conclusion that the claimant is not disabled or that his allegations of constant pain are not credible)(internal citation omitted). Given the other evidence in this case, any error is clearly harmless.

**C. DAA**

Plaintiff contends "in the absence of materiality," alcohol use is not a severe impairment (ECF No. 14 at 11-12). The claim is without merit. An ALJ determines the materiality of substance abuse *only if* a claimant is found disabled. Because the ALJ found Mr. Gonzalez is not disabled, she was not required to consider whether DAA was material to the disability determination. *See Bustamante v. Massanari*, 262 F.3d 949, 953-954 (9th Cir. 2001).

**D. RFC: light versus sedentary work**

Plaintiff contends if the ALJ properly credited the opinions of treating and examining doctors (Dr. Thompson in 2007, 2008, 2009; Gary Gaffield, D.O., in 2008, and Dr. Bunch in November 2009), she would have appropriately assessed an RFC for sedentary rather than light work (ECF No. 14 at 9-10; Tr. 202-206; 212). The Commissioner responds any error is harmless because the VE testified a person with plaintiff's RFC, which included the option to sit or stand for ten minutes every two hours, could perform *unskilled sedentary and light jobs* such as assembler, production

inspector, and checker (ECF No. 18 at 21; Tr. 64, 68-69). The Commissioner is correct.

The alleged error is harmless because it is inconsequential to the ultimate nondisability determination, *Stout v. Comm'r. Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006), and because the underlying decision is supported by substantial evidence and other legally valid reasons, despite the alleged error. *See Carmickle v. Comm'r. Soc. Sec. Admin*, 533 F. 3d 1155, 1162-1163 (9th Cir. 2008); *see also Burch*, 400 F.3d at 679. The VE's testimony, which the ALJ relied on, is supported by the record. The evidence supports the ALJ's ultimate determination that plaintiff is capable of performing the three jobs specified by the VE.

**E. Medical expert**

Next, plaintiff contends the ALJ should have asked a medical expert if plaintiff's impairments are "medically equivalent" or equal to a Listing. He asserts Listings 1.02 and 1.03 "may apply" (ECF No. 14 at 7). The Commissioner answers plaintiff failed to meet his burden of proof at step three; more specifically, the ALJ found plaintiff's impairments did not meet or medically equal Listing 1.02 because Mr. Gonzalez is able to ambulate effectively (at Tr. 22). The Commissioner asserts the ALJ's finding is supported by the evidence (ECF No. 18 at 7, 10-11; Listing 1.02A).

The inability to ambulate effectively means a person requires hand-held aids such as two crutches, two canes, or a walker in order to walk. 20 C.F.R. pt. 404, subpt. P, app. 1, section 100B2b. The evidence shows plaintiff sometimes uses crutches, including the use of one crutch when he gets up in the morning. He used one cane for a few months after his last foot surgery. In

2004 plaintiff said he used no assistive devices. And, as the Commissioner accurately observes, plaintiff's application did not allege he uses any assistive devices (ECF No. 18 at 11; Tr. 44, 175, 359).

According to Social Security Ruling (SSR) 96-6p, when the ALJ determines that an individual's impairment is not equivalent to any listing, the ALJ may satisfy the duty to receive expert opinion evidence into the record by obtaining the signature of a state medical consultant on the appropriate form (Disability Determination and Transmittal Form, SSA-831). The ALJ correctly concluded, based on the record, plaintiff's impairment did not meet or equal Listing 1.02. The state's non-examining medical experts signed the required SSA-831 forms (see Tr. 74-75, 224). Accordingly, the ALJ satisfied the requirement under SSR 96-6p. The record fully supports the ALJ's step three finding. Plaintiff's impairments do not meet or medically equal Listing 1.02.

Plaintiff's claim with respect to Listing 1.03 fails for the same reason. This Listing also requires an inability to ambulate effectively, and, as noted, the evidence does not support such a finding. 20 C.F.R. pt. 404, subpt. P, app. 1, section 1.03.

The ALJ's step three finding is fully supported by the record and free of error.

Plaintiff contends the ALJ was required to call a medical expert to testify. Because plaintiff failed to make this argument to the ALJ, however, he has not preserved it for appeal. Counsel's sole reference at the hearing was the following:

> "In any case, Your Honor, as I look at that [IME reports], also the Claimant has developed a hammer toe so those also

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                    - 14 -

> contribute to the difficulty in ambulation as well as pain. So, in looking at that, Your Honor, looking at the record itself, I thought that 1.02A would probably be the most appropriate. I know we don't have a medical expert here to maybe address that but it looks to be the most appropriate. So that's all I have to say with regard to, you know, a listed impairment."

(Tr. 39).

Plaintiff failed to argue a medical expert was necessary. Normally the court will not consider an argument for the first time on appeal. *See Massachi v. Astrue*, 486 F.3d 1149, 1154, n.23 (9th Cir. 2007). Because the record does not support plaintiff's step three claim, the court's failure to consider the issue will not result in a "manifest injustice." *See Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999)(holding the court will address an issue not raised by the claimant below only if the failure to do so would result in a "manifest injustice").

The ALJ's step three finding is free of error and supported by the record, including the consultant's opinion plaintiff's impairments do not meet or equal a Listed impairment. In these circumstances an ALJ is not required to call a medical expert to testify.

**F. Weighing the medical evidence**

Plaintiff's unexplained lack of treatment and noncompliance with treatment, lack of credibility, lack of supporting objective evidence, and wide range of activities all support the ALJ's assessed RFC. The opinions of Dr. Dahl, Thomas Gritzka, M.D., and some of Drs. Bunch and Thompson's findings also support the assessed RFC.

The ALJ rejected Dr. Bunch's RFC for sedentary work because, among other reasons, Dr. Bunch noted plaintiff was "stabilized for

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 15 -

many years" prior to 2009 (Tr. 378, 424). Dr. Bunch also opined plaintiff was limited to light or sedentary work prior to 2009, and thought retraining for other work appropriate. Over several years Dr. Thompson pointed out plaintiff did not take any pain medication, did not go to physical therapy, and did not wear orthotics (Tr. 213, 285, 381, 398).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405(g). The ALJ did not err when she weighed the somewhat conflicting medical evidence.

**G. Incomplete hypothetical**

Plaintiff again contends the ALJ should have used a sedentary rather than light RCF in her hypothetical (ECF No. 14 at 10-11). The Court has found any error is harmless. *See* D., *supra*. Plaintiff contends the ALJ should have relied on the VE's responses to hypotheticals propounded by his counsel, questions that included additional limitations (ECF No. 14 at 11). The Commissioner accurately observes the ALJ is required to include only credible limitations (ECF No. 18 at 20, *citing Magallanes v. Bowen*, 881 F.2d 747, 765 (9th Cir.1989). She did so here.

///

///

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence.

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(ECF No. 17)** is **granted.**

2. Plaintiff's Motion for Summary Judgment **(ECF No. 13)** is **denied.**

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant, and **CLOSE** this file.

DATED this 8th day of September, 2011.

<u>s/ James P. Hutton</u>
JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE